# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 75

APRIL TERM, A.D. 2017

June 21, 2017

IN THE MATTER OF THE ESTATE OF
ROBERT S. MEEKER, Deceased.

ROBIN MEEKER GASTON, MISTY S.
OXBORROW, and DUSTIN D.
MEEKER,

Appellants
(Petitioners),

v.                                                        S-16-0250

CAROLE L. WAGNER,

Appellee
(Respondent).

*Appeal from the District Court of Sheridan County*
The Honorable William J. Edelman, Judge

*Representing Appellants:*
        Letitia Carole Abromats of Letitia C. Abromats, P.C., Greybull, Wyoming.

*Representing Appellee:*
        Benjamin Scott Kirven of Kirven and Kirven, P.C., Buffalo, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Appellants Robin Meeker Gaston, Misty S. Oxborrow and Dustin D. Meeker (the Meeker children) are the surviving children of the decedent, Robert S. Meeker. They contested Mr. Meeker's will, which left the bulk of his estate to Appellee Carole L. Wagner. When the Meeker children filed their petition to set aside the probate of the will, they also filed a motion for change of judge under the peremptory disqualification provision in W.R.C.P. 40.1. The district court denied the motion for peremptory disqualification as untimely and granted summary judgment to Ms. Wagner on the merits. On appeal, the Meeker children challenge the district court's order denying their request for peremptory disqualification of the district judge and its order granting summary judgment in favor of Ms. Wagner.

[¶2]    We conclude that the district court erred by denying the Meeker children's request for a change of judge. Consequently, we reverse and remand.

## ISSUE

[¶3]    The dispositive issue in this case is: Whether the district court erred by refusing to grant the Meeker children's Rule 40.1(b)(1) motion for peremptory disqualification of the assigned judge.

## FACTS[1]

[¶4]    In 2010 and 2011, Mr. Meeker executed a number of estate planning documents, including a durable power of attorney, advance health care directive, and will. He appointed Ms. Wagner, his long time companion, as his agent in the durable power of attorney and advance health care directive. He also named her as personal representative of his estate and devised the bulk of his estate to her.

[¶5]    In late 2014, Mr. Meeker moved into a long-term care center in Sheridan, Wyoming. The Meeker children were unhappy with the facility and did not believe that Ms. Wagner was acting in Mr. Meeker's best interests, so they filed an action for guardianship and conservatorship. The district court denied the Meeker children's requests.

[¶6]    Mr. Meeker died on September 6, 2015, and on October 27, 2015, Ms. Wagner petitioned for probate of his will and to be appointed personal representative of his estate. The clerk of court issued a notice assigning one of the two judges in the Fourth Judicial

---

[1] We recite these facts only to provide background for the procedural issue addressed herein and do not mean to imply that any disputed facts are established as a matter of law. Upon remand, the newly assigned judge will consider all substantive matters anew.

1

District to the probate. The judge assigned to the probate had presided over the earlier guardianship/conservatorship action. Ms. Wagner published notice of the probate and also sent notice to the Meeker children by certified mail. The notice stated that an action to set aside the will must be filed within three months of the date of the first publication of the notice, which was November 6, 2015. On January 29, 2016, the Meeker children filed a petition to deny admission of the will to probate, claiming Ms. Wagner exerted undue influence over their father and he lacked testamentary capacity to execute the will. On that same date, they also filed a motion for peremptory disqualification of the assigned judge.

[¶7] Ms. Wagner filed a motion for summary judgment on the Meeker children's will contest. The district court denied the Meeker children's request for change of judge, concluding that it was not timely under Rule 40.1(b)(1), and granted Ms. Wagner's motion for summary judgment on the will contest. The Meeker children appealed.

## STANDARD OF REVIEW

[¶8] The Meeker children challenge the district court's denial of their motion for peremptory disqualification of the judge. They claim the district court erred when it concluded their motion was not timely under Rule 40.1. "We review the district court's interpretation of the rules of civil procedure *de novo*." *JN v. RFSG* (*In re Paternity of HLG*), 2016 WY 35, ¶ 7, 368 P.3d 902, 904 (Wyo. 2016), citing *Dishman v. First Interstate Bank,* 2015 WY 154, ¶ 13, 362 P.3d 360, 365 (Wyo. 2015); *Windham v. Windham,* 2015 WY 61, ¶ 12, 348 P.3d 836, 840 (Wyo. 2015). In interpreting rules of procedure, this Court applies the same principles used in statutory construction. *Cotton v. McCulloh,* 2005 WY 159, ¶ 14, 125 P.3d 252, 257 (Wyo. 2005). Initially, we ascertain whether the language of the rule is ambiguous. If it is not, we apply its plain language. *Busch v. Horton Automatics, Inc.,* 2008 WY 140, ¶ 13, 196 P.3d 787, 790 (Wyo. 2008). "We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed, according to their arrangement and connection. We construe the [rule] as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the [rule] in *pari materia." Id.*

## DISCUSSION

[¶9] When this controversy arose, Rule 40.1 stated in part:

> (b) *Change of Judge.* ---
>
> (1) Peremptory Disqualification. A district judge may be peremptorily disqualified from acting in a case by the filing of a motion requesting that the judge be so disqualified. The motion designating the judge to be disqualified shall be

filed by the plaintiff within five days after the complaint is filed; provided, that in multi-judge districts, the plaintiff must file the motion to disqualify the judge within five days after the name of the assigned judge has been provided by a representative of the court to counsel for plaintiff by personal advice at the courthouse, telephone call, or a mailed notice. The motion shall be filed by a defendant at or before the time the first responsive pleading is filed by the defendant or within 30 days after service of the complaint on the defendant, whichever first occurs, unless the assigned judge has not been designated within that time period, in which event the defendant must file the motion within five days after the name of the assigned judge has been provided by a representative of the court to counsel for the defendant by personal advice at the courthouse, telephone call, or a mailed notice. One made a party to an action subsequent to the filing of the first responsive pleading by a defendant cannot peremptorily disqualify a judge. In any matter, a party may exercise the peremptory disqualification one time and against only one judge. This rule, and the procedures set forth herein, shall not apply to criminal cases or proceedings in juvenile court.

(2) *Disqualification for Cause.* Whenever the grounds for such motion become known, any party may move for a change of district judge on the ground that the presiding judge: (A) has been engaged as counsel in the action prior to being appointed as judge; (B) is interested in the action; (C) is related by consanguinity to a party; (D) is a material witness in the action; or (D) is biased or prejudiced against the party or the party's counsel. The motion shall be supported by an affidavit or affidavits of any person or persons, stating sufficient facts to show the existence of such grounds. Prior to a hearing on the motion any party may file counter-affidavits. The motion shall be heard by the presiding judge, or at the discretion of the presiding judge by another judge. If the motion is granted, the presiding judge shall immediately call in another judge to try the action.

. . . .

(5) *Probate Matters.* In any controverted matter arising in a probate proceeding, a change of judge, or in cases where a jury is demandable, a transfer of trial, or both, may be had

3

for any cause authorizing such change in a civil action. The procedure for such change shall be in accordance with this rule. Except for the determination of such controverted matter, the judge having original jurisdiction of such probate proceeding shall retain jurisdiction in all other matters in connection with said proceeding.

Rule 40.1 (2015).[2]

### 1. *Is Peremptory Disqualification of a Judge Available in Probate Matters?*

[¶10] Before we examine whether the district court correctly ruled that the Meeker children's motion for peremptory disqualification was not timely under Rule 40.1(b)(1), we will address another aspect of the rule. The question is whether, under Rule 40.1(b)(5), peremptory challenges are available in probate actions given the rule does not refer to peremptory challenges and states that a change of judge is available "for any cause authorizing such change in a civil action."

[¶11] Rule 40.1(b)(5) states that in "any controverted matter arising out of a probate proceeding, a change of judge . . . may be had for any cause authorizing such change in a civil action." This language is clear and unambiguous. It does not say a change of judge in probate matters may only be allowed for the causes set out in subsection (b)(2), and it does not say that peremptory challenges are not available. At the time this issue was pending in the district court, we had expressly prohibited use of peremptory disqualification for juvenile and criminal cases. Rule 40.1(b)(1) (2015). *See also,* Wyoming Supreme Court orders dated December 4, 2012, (juvenile) and November 26, 2013, (juvenile and criminal). The same prohibitions are included in the text of the current version of the rule. Rule 40.1(b)(1)(D) (LexisNexis 2017). If the intent of Rule 40.1(b)(5) was to prohibit use of peremptory disqualification in probate cases, the rule would have specifically so stated. We do not add language to a statute or rule in the process of interpretation. *See, e.g., City of Casper v. Holloway,* 2015 WY 93, ¶ 20, 354 P.3d 65, 71 (Wyo. 2015) (stating that we do not insert language into a statute that the legislature chose not to include).

[¶12] Furthermore, we must read the "may be had for any cause" language in context with the remainder of the language in Rule 40.1(b)(5). The last sentence of the provision states: "Except for the determination of such controverted matter, the judge having original jurisdiction of such probate proceeding shall retain jurisdiction in all other matters in connection with said proceeding." *Id.* The rule is consistent with Wyo. Stat. Ann. § 2-2-110 (LexisNexis 2015):

---

[2] Effective March 1, 2017, the Wyoming Rules of Civil Procedure were repealed and replaced in their entirety.

4

When the judge before whom probate matters are brought is interested as next of kin to the decedent, or as the legatee or devisee under the will, or has any other interest in the outcome of, or concerning the matters brought before him, he shall call in some other district judge to hear and determine all such matters. Being a witness to a will does not itself disqualify a district judge, after the will has been probated, from hearing any matters concerning the will or the estate being probated except matters relating to the admission of the will to probate and contests thereon, and the granting of letters testamentary or of administration thereunder.

The purpose of both Rule 40.1(b)(5) and § 2-2-110 is to recognize that a probate judge who is disqualified for cause in a controverted matter is not necessarily disqualified from presiding over other aspects of the probate. Given that purpose and the fact that Rule 40.1 does not expressly prohibit peremptory disqualification of judges in probate matters, the Meeker children were entitled to request peremptory disqualification of the judge in the will contest.

## 2. Was the Meeker Children's Motion for Peremptory Disqualification of the Judge Timely?

[¶13] We now consider the question presented on appeal—whether the district court properly denied, as untimely, the Meeker children's motion for peremptory disqualification of the judge. The district court concluded that the Meeker children's motion was not timely under Rule 40.1(b)(1):

It appears to me that the rule contemplates that my [sic] party is on notice as to the identity of the judge, the clock begins ticking then.

It appears to me that all of the [Meeker children] had received notice of the case's assignment to me in early November, and their subsequent motion was filed in January and therefore not timely and I'm going to deny the request.

[¶14] In order to determine whether the district court was correct, we need to consider Rule 40.1 in the context of a will contest. Under Wyo. Stat. Ann. §§ 2-6-201 and 202 (LexisNexis 2015), the person named as executor in a will files a petition for probate. After the probate is commenced, the personal representative[3] is charged with giving

---

[3] In the Wyoming Probate Code, the term "personal representative" includes executors for testate estates and administrators for intestate estates. Wyo. Stat. Ann. § 2-1-301(a)(xxviii) (LexisNexis 2015).

5

notice of the probate by publication and also by mail to all heirs at law and beneficiaries named in the will. Wyo. Stat. §§ 2-7-201 and 2-7-205 (LexisNexis 2015). "The notice shall state that any action to set aside the probate of the will shall be brought within three (3) months from the date of the first publication of the notice or thereafter be banned." Section 2-7-201. Any interested person may contest the will by filing a petition prior to the three month deadline. Wyo. Stat. Ann. § 2-6-301 (LexisNexis 2015).

[¶15] The procedure for a will contest is essentially the same as any civil action. The contestant files a petition "containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked." Section 2-6-301. After filing his petition to revoke the probate, the contestant serves the executor of the will with a summons and the petition. "The summons, service and proceedings shall be governed by the Wyoming Rules of Civil Procedure." Wyo. Stat. Ann. § 2-6-302 (LexisNexis 2015). By requiring a person who wishes to contest a will to follow the procedure for initiation of a new civil action, the statutes demonstrate that a will contest is separate from the probate of the will.

[¶16] We recognized the distinction between probate and a will contest in *Russell v. Sullivan,* 2012 WY 20, ¶ 14, 270 P.3d 677, 680 (Wyo. 2012). We stated that "a will contest is 'collateral' to the petition to submit the will to probate." *Id. See also Merrill v. Dist. Ct. of Fifth Jud. Dist.,* 73 Wyo. 58, 272 P.2d 597 (Wyo. 1954); *Wood v. Wood,* 25 Wyo. 26, 164 P. 844 (1917). Although the probate and will contest are necessarily related, they are separate proceedings. *Russell,* ¶ 14, 270 P.3d at 680. By ruling that the deadline for the Meeker children to submit their request of peremptory disqualification in the will contest depended upon when they received notice of which judge was assigned to the probate, the district court failed to recognize the probate and will contest were separate actions.

[¶17] The Meeker children claim that, as petitioners, they are the plaintiffs in the will contest and their motion for peremptory disqualification of the judge was timely because they filed it within five days after filing the petition to set aside the probate as required by Rule 40.1(b)(1). In contrast, Ms. Wagner asserts that, by filing the petition for probate, she became the plaintiff and her certified mailing of the petition for probate to the Meeker children on November 2, 2015, amounted to "service of the complaint on the defendant[s]" under Rule 40.1(b)(1). She claims the Meeker children were required to file their motion for peremptory disqualification "within 30 days after service" of the petition.[4] Rule 40.1(b)(1).

[¶18] Like the district court, Ms. Wagner fails to recognize that a will contest is collateral to the probate. She did not become the "plaintiff" for purposes of the will

---

[4] Ms. Wagner would allow the Meeker children an additional three days to respond under W.R.C.P. 6(d) because the notices were mailed to them.

contest when she filed the petition for probate because commencement of the probate did not equate to commencement of the will contest. In *Wood,* 164 P. at 851, we recognized the distinction between the probate and the will contest and identified the will contestant as the plaintiff. *See also In re Morton's Est.,* 428 P.2d 725, 728 (Wyo. 1967) (identifying the parties as: "plaintiff-contestants" and "proponent-defendants"); *Russell,* ¶ 22, 270 P.3d at 682 (characterizing those challenging the will as plaintiffs); *Matter of Est. of Obra,* 749 P.2d 272 (Wyo. 1988) (characterizing will contestants as plaintiffs and personal representative as defendant). *But see Melcher v. Benson* (*In re Est. of McLean*)*,* 2004 WY 126, 99 P.3d 999 (Wyo. 2004) (although the personal representative was designated as the plaintiff, the party alignments were confused because the case involved three different actions (two probate actions and a separate civil action) consolidated into one). Similarly, 95 C.J.S. *Wills* § 516 (2017) states that in an action to set aside a will, the contestant is the plaintiff: "Where a will has been submitted for probate, a plaintiff challenging the will must avail themselves (sic) of the statutory remedy of a will contest to prove or set aside the instrument." We, therefore, conclude that, for purposes of applying Rule 40.1, the will contestants are considered plaintiffs.

[¶19] The Meeker children's will contest was commenced upon filing the petition to revoke the probate of the will. Rule 40.1 required the Meeker children, as petitioners/plaintiffs, to file their motion for preemptory disqualification within five days after filing their petition because, by that time, the judge had already been assigned to the probate. The Meeker children timely filed their motion to peremptorily disqualify the assigned judge when they filed it the same day they filed their will contest.

[¶20] Once a proper motion for peremptory disqualification is filed, the challenged judge **must** assign the case to another judge. In fact, his jurisdiction is limited to the reassignment; he cannot take any other action in the case. *See Pawlowski v. Pawlowski,* 925 P.2d 240, 243 (Wyo. 1996); *Osborne v. Dist. Ct. of Ninth Jud. Dist.,* 654 P.2d 124, 127 (Wyo. 1982). *See also Olsten Staffing Servs., Inc. v. D.A. Stinger Servs., Inc.,* 921 P.2d 596 (Wyo. 1996) (even a party in default may peremptorily disqualify a judge). All other rulings and orders issued by a disqualified judge are void. *Olsten,* 921 P.2d at 601.

[¶21] In the case at bar, the district court erred when it denied the Meeker children's motion for peremptory disqualification. Upon the proper filing of the motion for peremptory disqualification under Rule 40.1(b)(1), the district court was required to assign the matter to another district court judge. Given it had no jurisdiction beyond reassigning the case, the district court's grant of summary judgment in favor of Ms. Wagner is void.

[¶22] Reversed and remanded.