# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 50

APRIL TERM, A.D. 2022

April 14, 2022

KATE MICHELLE BERENS,

Petitioner,

v.

ERIC L. MUMME and THE BOARD OF
TRUSTEES OF THE CHEYENNE
REGIONAL MEDICAL CENTER, a
corporate body and their employee(s)
and/or agent(s),

Respondents.

S-21-0175

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Petitioner:*
    *Frederick J. Harrison, Frederick J. Harrison, P.C., Cheyenne, Wyoming.*

*Representing Respondent Eric L. Mumme:*
    *Sean W. Scoggin, Williams, Porter, Day and Neville, PC, Cheyenne, Wyoming.*
    *No appearance.*

*Representing Respondent The Board of Trustees of the Cheyenne Regional Medical*
*Center:*
    *Bradley T. Cave and Laurene S. Rogers, Holland & Hart, LLP, Cheyenne,*
    *Wyoming.*

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Kate Michelle Berens filed a battery and negligence claim against Eric L. Mumme and the Cheyenne Regional Medical Center (CRMC).  The judge assigned to Ms. Berens's case recused himself almost four weeks after the complaint was filed and assigned another judge to the case.  Four days later, Ms. Berens filed a motion to peremptorily disqualify the second judge.  The district court denied her motion as untimely, and denied her motion to reconsider the order. She filed a petition for writ of review, which CRMC did not contest.  We granted the petition, and we conclude that the district court erred by denying Ms. Berens's motion. We reverse and remand.

## ISSUE

[¶2]    Ms. Berens raises six issues on appeal.  This Court has a long-standing principle that "we will not address constitutional issues if we are able to resolve the case on other grounds." *Wilson v. Bd. of Cnty. Comm'rs of Cnty. of Teton*, 2007 WY 42, ¶ 14, 153 P.3d 917, 922 (Wyo. 2007) (citing *State ex rel. Wyoming Dep't of Revenue v. Union Pac. R.R. Co.*, 2003 WY 54, ¶ 43, 67 P.3d 1176, 1190–91 (Wyo. 2003)).  Adhering to this principle, we need review only one issue:

> Whether the clerk's notation on the receipt identifying the original judge was sufficient to meet the notice of assignment requirements of W.R.C.P. 40.1(b)(1)(H).

## FACTS

[¶3]    Ms. Berens filed a complaint against Mr. Mumme, her co-worker; and CRMC, their employer.  She asserted claims of battery and negligence against Mr. Mumme, alleging he repeatedly engaged in horseplay in the workplace which injured Ms. Berens. She asserted that CRMC was liable for her injuries because it failed to properly supervise and control Mr. Mumme.

[¶4]    When Ms. Berens filed her complaint on March 18, 2021, the clerk of court gave Ms. Berens a receipt, confirming the court received both payment and the complaint, and which identified the judge assigned to the case.  The judge recused himself April 12, 2021, and entered an order assigning the case to a different judge.  Four days later, Ms. Berens moved to peremptorily disqualify the new judge.  The district court denied the motion as untimely, holding that W.R.C.P. 40.1(b)(1)(B)(i) and 40.1(b)(1)(H) required Ms. Berens to file a peremptory disqualification motion within fourteen days of March 18, the date she received the clerk's receipt with notice of the assigned judge.  At an unrelated hearing, the court granted Ms. Berens fifteen days to file a motion for reconsideration regarding the timeliness of the peremptory disqualification motion.

1

[¶5]     Ms. Berens timely filed her motion for reconsideration, in which she raised three issues: 1) the court clerk's receipt identifying the assigned judge did not qualify as an entered notice of assignment pursuant to W.R.C.P. 40.1(b)(1)(H); 2) disallowing a peremptory disqualification after judge reassignment was inequitable; and 3) the district court's denial of her motion undermined public confidence in the court system.   The district court denied her motion for reconsideration, noting Ms. Berens conceded she was aware of the notation assigning the original judge to her case.  Ms. Berens filed a petition for writ of review and CRMC did not contest Ms. Berens's argument that the district court improperly denied her peremptory disqualification motion.

*STANDARD OF REVIEW*

[¶6]     Ms. Berens claims the district court erred when it concluded her motion was untimely under Rule 40.1(b)(1).  "We review the district court's interpretation of the rules of civil procedure *de novo*." *Matter of Est. of Meeker*, 2017 WY 75, ¶ 8, 397 P.3d 183, 185–86 (Wyo. 2017) (quoting *In re Paternity of HLG*, 2016 WY 35, ¶ 7, 368 P.3d 902, 904 (Wyo. 2016)).  "In interpreting rules of procedure, this Court applies the same principles used in statutory construction." *Meeker*, 2017 WY 75, ¶ 8, 397 P.3d at 186 (citing *Cotton v. McCulloh*, 2005 WY 159, ¶ 14, 125 P.3d 252, 257 (Wyo. 2005)).  We determine whether the rule's language is ambiguous and, if not, apply the rule's plain language. *Id.*  We apply the ordinary and obvious meaning of the words used, and gives "effect to every word, clause, and sentence . . . ." *Id.*

*DISCUSSION*

[¶7]     Wyoming Rule of Civil Procedure 40.1(b)(1), which governs peremptory disqualifications of district court judges, has been amended multiple times in the past several years.  W.R.C.P. 40.1 (amended 2017, 2019).[1]  Prior case law deals exclusively with previous versions of Rule 40.1(b)(1) and is not pertinent to the issues presented.  *See, e.g.*, *Meeker*, 2017 WY 75, 397 P.3d 183; *Bd. of Prof'l Resp., Wyoming State Bar*, *v. Davidson*, 2009 WY 48,  205 P.3d 1008 (Wyo. 2009).

I.       *Was the clerk's notation on the receipt identifying the original judge sufficient to meet the notice of assignment requirements of W.R.C.P. 40.1(b)(1)(H)?*

---

[1] Wyoming Rule of Civil Procedure 40.1(b)(1) previously required a plaintiff to file a motion for peremptory disqualification five days after filing the complaint, and, in multi-judge districts, "five days after the name of the assigned judge has been provided by a representative of the court to counsel for plaintiff by personal advice at the courthouse, telephone call, or mailed notice." W.R.C.P. 40.1(b)(1) (2017).  The rule has again been amended, Order Amending Rules 3, 16, and 40.1 of the Wyoming Rules of Civil Procedure, https://www.courts.state.wy.us/wp-content/uploads/2022/03/Order-WRCP-3-16-40.1.pdf (effective June 1, 2022).

[¶8]   Ms. Berens argues the receipt generated at the time her complaint was filed was not sufficient to start the fourteen-day period for a peremptory disqualification motion because notice was not entered on the record as required by Rule 40.1(b)(1)(H).  Rule 40.1(b)(1)(B)(i) states a plaintiff's peremptory disqualification motion "shall be filed no later than fourteen (14) days after: (i) the entry of a notice assigning the judge as described in sub-section (H) . . . ."  Rule 40.1(b)(1)(H) states "[n]o later than five (5) days after a complaint is filed, the clerk of court shall enter a notice of assignment of judge." These rules create two prerequisites for a peremptory disqualification motion under these circumstances.  First, there must be a formal notice of assignment, and second, the clerk must *enter* the notice of assignment within five days of a plaintiff filing a complaint. W.R.C.P. 40.1(b)(1)(H).  A plaintiff has fourteen days from the time notice of assignment is entered to file a peremptory disqualification motion. W.R.C.P. 40.1(b)(1)(B)(i).

[¶9]   Because Rule 40.1(b)(1)(H) determines when the fourteen-day period begins, we review subsection (H) first.  The pertinent language is "enter a notice of assignment." The plain language of the rule requires more than notice; it requires "a notice of assignment," as in a formal notice of assignment document.  W.R.C.P. 40.1(b)(1)(H).  Additionally, to "enter" means "[t]o put formally before a court or on the record."  *Enter*, *Black's Law Dictionary* (11th ed. 2019). The plain language and ordinary meaning of "enter" requires a formal placement of something on the record.  *Id.*  To meet the sub-section (H) requirement the court clerk must enter the notice of assignment on the record.

[¶10]  Rule 40.1(b)(1)(B)(i) states the fourteen-day period starts upon "entry of notice" by the court clerk.  We give "entry" its plain meaning. Thus, the fourteen-day period contemplated by subsection (B)(i) does not start until the notice of assignment is entered on the record.

[¶11]  The clerk received the complaint and printed a receipt that assigned the first judge to the case.  This receipt was not entered on the record.  The district court relied on the "notice of assignment" language from Rule 40.1(b)(1)(H) when it held the receipt was adequate to begin the fourteen-day period.  It concluded the receipt that noted which judge was originally assigned to the case constituted adequate notice of assignment to meet the subsection (H) requirement. The district court also found Ms. Berens's concession she was aware of the initial judge assigned to her case, was adequate to start the fourteen-day period.  We disagree.  The fact Ms. Berens had notice of the original judge assigned to her case does not satisfy Rule 40.1(b)(1)(H).  The plain language of Rule 40.1(b)(1)(H) required the clerk to enter a notice of assignment on the record.  Only the entry and formal notice of assignment triggers the fourteen-day period.  The clerk did not enter a notice of assignment until April 12, when the original judge recused himself and the order assigning the new judge was entered.  The order was the first entry of a notice of assignment on the record and therefore the proper date to initiate Ms. Berens's fourteen-day period to file a peremptory disqualification motion.

[¶12] Ms. Berens argues she timely filed her peremptory disqualification motion after the district court's April 12, 2021, entry assigning a new judge to the case. Rule 40.1(b)(1)(B)(i) allows a plaintiff to file a peremptory disqualification motion fourteen days from the entry of assignment. Ms. Berens filed her peremptory disqualification on April 16, 2021, four days after the first entry of assignment. Ms. Berens filed her motion within the fourteen-day period, and her motion was therefore timely.

## *CONCLUSION*

[¶13] The fourteen-day period to file a motion for peremptory disqualification pursuant to Rule 40.1(b)(1)(B)(i) does not start until the clerk has entered a notice of assignment on the record. Ms. Berens's motion for peremptory disqualification was entered four days after the clerk of court entered the notice of assignment and was therefore timely. We reverse and remand for proceedings consistent with this opinion.