CENTRAL CONTRACTORS COMPANY, INC., Appellant (Defendant),

Worthington, Lenhart & Carpenter, Inc., (Defendant),

v.

PARADISE VALLEY UTILITY COMPANY, Appellee (Plaintiff).

No. 5430.

Supreme Court of Wyoming.

Oct. 8, 1981.

Harry E. Leimback, Casper, for appellant.

Donald E. Chapin and W. Michael Kleppinger of Crowell & Chapin, P. C., Casper, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellee-plaintiff brought an action against appellant-defendant and against defendant Worthington, Lenhart & Carpenter, Inc. claiming (1) that appellant breached a contract for construction of a water distribution system and sewer collection system addition for certain designated streets and adjacent lots in Paradise Valley, a subdivision of Natrona County; (2) that appellant breached an express warranty contained in such contract against defective workmanship and materials in connection with such construction; (3) that appellant performed the construction in a negligent fashion; and (4) that defendant Worthington, Lenhart & Carpenter, Inc. was negligent in inspecting and passing as proper the construction performed by appellant.

At the close of appellee's case, a verdict was directed for defendant Worthington, Lenhart & Carpenter, Inc. After a jury trial, a verdict was rendered in favor of appellee and against appellant in the amount of $142,745.95.

Appellant appeals from the verdict and the judgment entered thereon, alleging error in six respects. Inasmuch as we find error on the first issue presented, we will not consider or refer to the other issues. Appellant words the first issue as follows:

"1. Whether the court errored [sic] when it permitted evidence to be received and judgment to be entered in favor of plaintiff under the 1976 contract between Central Contractors Co., Inc. and Paradise Valley Development Company."

We reverse.

The contract upon which the amended complaint was predicated was specified to be one dated May 15, 1975, between appellant and appellee (hereinafter referred to as the 1975 contract). It referred to construction work on specified streets in the subdivision. Appellee's pretrial memorandum, incorporated into the pretrial order, also referred to the 1975 contract as that upon which the action was founded. At the trial, appellee's representative was called as its first witness. He was asked on direct examination how appellant performed the work on the area specified in the 1975 contract and he responded that it was "performed very well." He was then asked concerning additional work done by appellant in Paradise Valley, and evidence concerning such was received over appellant's objection.

On April 7, 1976, Paradise Valley Development Company accepted appellant's proposal to perform construction work on spec-

ified streets in Paradise Valley Subdivision. This contract (hereinafter referred to as the 1976 contract) referred to April 1, 1976 plans and to the "[s]ame specifications as Daffodil & Aster Street jobs, except cast iron valves." The Daffodil and Aster Street jobs were included under the 1975 contract.

After appellant's objection was overruled, evidence was presented at the trial concerning a breach of the 1976 contract with Paradise Valley Development Company. There was no evidence of a breach of the 1975 contract between appellee and appellant. Appellee argues that it was part of a "development consortium" and that Paradise Valley Development Company and Paradise Valley Investments "operated as a financing conduit for" appellee. Appellee's representative testified on direct examination as follows:

"Q. What other companies did you have besides the utility company?

"A. We used three companies for development, Paradise Valley Development Company, Paradise Investments and Valley Investments, three corporations.

"Q. Those were only for purposes of financing and others they didn't relate to the utilities at all?

"A. No, they had to do with just different areas being developed.

\*     \*     \*     \*     \*     \*

"Q. What was the relationship between Paradise Development Company and Paradise Valley Utility?

"A. They are sister corporations and the stockholders and officers are identical.

"Q. Who paid for the work done under that proposal to Central Contractors?

"A. Paradise Valley Utility Company."

He later testified that Paradise Valley Investments was used "as a conduit for money to pay various bills for various companies."

Regardless of the interrelationships between appellee and Paradise Valley Development Company, they are separate corporate entities. A judgment in favor of one of them can not be said, ipso facto, to be in favor of the other. Nor is a judgment against one a judgment against the other. Appellee argues that the 1976 contract was in reality an extension of the 1975 contract between it and appellant. The 1976 contract does refer to specifications set out in the 1975 contract and incorporates them into its requirements, but the parties are different, the time period is different, the bid figures are different, and it concerns different streets. The 1975 contract and the 1976 contract are two separate agreements. The action was founded on the 1975 contract, but the evidence of breach, etc., had to do with the 1976 contract.

"It is thoroughly established as a general rule that privity of contract is an essential element of a cause of action on a contract, or based on a contractual theory. \* \* \* " 17A C.J.S. Contracts § 518, p. 940.

"A pleading which sets forth a claim for relief \* \* \* shall contain (1) a short and plain statement of the claim *showing that the pleader is entitled to relief* \* \* \*." (Emphasis added.) Rule 8(a), W.R.C.P. "Every action shall be prosecuted in the name of the real party in interest. \* \* \* [A] party with whom or in whose name a contract has been made for the benefit of another \* \* \* may sue in his own name without joining with him the party for whose benefit the action is brought \* \* \*." Rule 17(a), W.R.C.P.

See *American Surety Co. of New York v. Broadway Improvement & Investment Co.*, on rehearing, 39 Wyo. 195, 214, 274 P. 13 (1929); *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177 (1951); 17 Am.Jur.2d Contracts § 297.

The action is not here brought by the Paradise Valley Development Company for appellant as a third-party beneficiary under the 1976 contract. There is no averment or indication that Paradise Valley Development Company will be a beneficiary of the 1975 contract. And the 1976 contract was not referred to in the complaint. Therefore, appellee could not be recognized as third-party beneficiary to an action on a contract not mentioned in the complaint.

"To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief. * * * " 6 Wright and Miller, Federal Practice and Procedure: Civil § 1544, p. 647.

However, appellee's principal argument relative to this issue is that appellant waived any objection relative to it and is precluded from raising the issue at the time of trial. Appellee points to discovery which recognized the work done under the 1976 contract as that which was not as warranted and which constituted the breach under which damages were sought. It points to the pretrial order which recited:

"Service of process, jurisdiction, venue, and parties are all in order and not questioned."

It noted that the trial court gave the following reasons for denying appellant's motion for a directed verdict at the close of appellee's case:

" * * * [I]t appears to me from reviewing the pretrial memoranda and the pretrial order that all parties were aware that the geographic area of the contract and the work in dispute, that this case bore the same issues which were in dispute at that time, and considering that and reflection of the pretrial order there was no question as to the parties at the time of the pretrial conference. I don't believe that issue has been raised in timely fashion. * * * "

Although discovery depositions reflect that appellant was aware that the alleged breach of contract and of warranty arose from work on streets covered by the 1976 contract with Paradise Valley Development Company, appellant disagrees with the suggestion that it had reason to question the action as being predicated other than on the

1975 contract between the parties to the lawsuit or that it had reason to concern itself with the 1976 contract until appellee began to present evidence relating to the later contract at the start of the trial. Appellant contends that the objection was immediately made at that time. In support of its contention, appellant points to the fact that the 1975 contract was listed by appellee as a proposed exhibit in its pretrial memorandum and that the 1976 contract documents were not there listed. Appellant states that it had no reason to "question" the propriety of appellee as the proper party, as recited in the pretrial order, inasmuch as it expected the trial to concern the 1975 contract and appellee was the contracting party in that contract.

■ One of the purposes of a pretrial conference is to "substantially reduce the danger of surprise at trial," 6 Wright and Miller, Federal Practice and Procedure: Civil § 1522, p. 566. *Wallin v. Fuller*, 476 F.2d 1204 (5th Cir. 1973). But the fact that the court or a party first became aware of a situation at trial which might have been better addressed at a pretrial conference does not, ipso facto, prevent consideration of the situation at trial.[1]

■ A pretrial order controls the subsequent course of action in the case. *Clouser v. Spaniol Ford, Inc.*, Wyo., 522 P.2d 1360 (1974); *Boode v. Allied Mutual Insurance Company*, Wyo., 458 P.2d 653 (1969). Such is specified in Rule 16, W.R.C.P.:

"The court shall make an order which recites the action taken at the conference, * * * and such order when entered controls the subsequent course of the action * * *."

But the order must be considered in the context of that which was before the court at the time it was made.

■ We note that there could be a question as to whether or not Paradise Valley

1. There is a question here as to which party was surprised at the trial. Was appellee surprised to find that appellant did not consider the 1976 contract with Paradise Valley Development Company to be involved in the lawsuit? Or was appellant surprised to find that the alleged breach was of a contract other than that specified in the pleadings and listed as an exhibit in the pretrial memorandum and was of a contract to which appellee was not a party?

Development Company was sufficiently privy to appellee to sustain a defense of res judicata in a subsequent action by Paradise Valley Development Company against appellant for breach of the 1976 contract.

We also note that under the plain language of 8(a), W.R.C.P., supra, appellee did not set forth a claim "showing that * * * [it] is entitled to relief" for breach of the 1976 contract between appellant and Paradise Valley Development Company. Appellee acknowledged that appellant had properly performed under the 1975 contract, the breach of which was the basis for the claim made by appellee. The record does not explain the failure to do the obvious, i. e. have Paradise Valley Development Company bring the action on the 1976 contract[2] —for the benefit of appellee, if necessary.

Finally, we note that:

" * * * [a] real party in interest objection closely resembles the defense of failure to state a claim for relief because it presupposes that plaintiff does not have the substantive right to enforce the claim he is making. * * * " 6 Wright and Miller, Federal Practice and Procedure: Civil § 1554, p. 701.

Rule 12(h)(2), W.R.C.P. provides in pertinent part:

"(2) A defense of failure to state a claim upon which relief can be granted, * * * may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, *or at the trial on the merits.*" (Emphasis added.)

Thus, the contention of waiver by appellant at the pretrial conference would be without merit.[3]

The trial court erred in overruling appellant's objection to the receipt of evidence of breach of a contract to which appellee was not a party and which was other than the contract specified in the complaint and in the pretrial memorandum as the one breached by appellant. Inasmuch as the verdict was premised on such error, it was prejudicial error.

The judgment for appellee is vacated with appellant to have judgment on the merits, but without prejudice to the bringing of an action by the proper party or parties against appellant on the 1976 contract.

RAPER, Justice, concurring in part and dissenting in part.

I concur in that part of the opinion deciding that the action was not filed in the name of the real party in interest. The relief granted by the majority amounts to dismissal of the case with a right to start a new action and trial. I disagree with that disposition. I am convinced that the case was tried on the basis of the 1976 contract and appellant was not surpised or in any fashion misled. Rule 15(b), W.R.C.P.[1] Discovery had disclosed the nature of appellee's claims.

The damages awarded would be the same regardless of whether the plaintiff was Paradise Valley Development Company or Paradise Valley Utility Company. While the

---

**2.** Assuming that the relationship between appellee and Paradise Valley Development Company is such that the latter is willing to bring such action.

**3.** We have held that the question of lack of an indispensable party may be raised on appeal on our own motion. *State by and through Christopulos v. Husky Oil Company,* Wyo., 575 P.2d 262 (1978).

**1.** Rule 15(b), W.R.C.P.:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be *necessary to cause them to conform to the*

evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.* If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such amendment." (Emphasis added.)

case was tried before a jury, there was no issue for their consideration as to who was the real party in interest. Since that involves contract construction, it is a question for judicial decision. Rule 17(a), W.R.C.P., provides:

"* * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

It appears to me that an honest mistake was made by the officers of the development company and the utility company—the officers are the same—and they should not be punished by having to start all over again. As said in 6 Wright & Miller, Federal Practice and Procedure: Civil § 1541, pp. 635–637:

"* * * Rule 17(a) performs the useful function of protecting individuals from harassment and multiple suits by persons who would not be bound by the principles of res judicata if they were not prevented from bringing subsequent actions by a real party in interest rule. As was stated by the court in *Rackley v. Board of Trustees of Orangeburg Regional Hospital*: 'The purpose of this rule is to enable the defendant to present his defenses against the proper persons, to avoid subsequent suits, and to proceed to finality of judgment.' Thus, although Rule 17(a) is mandatory in character, it should be construed liberally to effectuate its purpose.

"Rule 17(a) was amended in 1966 to make it clear that its specific enumeration of real parties in interest was intended only to be illustrative of the application of the rule in contexts that might cause some confusion. The original wording of the subdivision was susceptible to being read as a series of exceptions to the principle that suit had to be brought by a person beneficially interested in the action rather than by a representative. At the same time the last sentence of Rule 17(a) was added to provide that the failure to join the real party in interest at the commencement of the action does not require dismissal. Instead, the real party in interest can be joined or substituted and the action continued as if it had been instituted in his name. The Advisory Committee in its Note to the 1966 amendment of Rule 17(a) stated that the purpose of the addition was to keep the real party in interest provision in line with the law as it was developing. 'Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed * * *.' "

Rule 17(a) does not specify when the joinder or substitution should be. made.[2] I would have permitted the appellees twenty days in which to so move in this court and thus allow us to proceed with the other issues and get on with a final, rather than piecemeal, disposition.

2. Rule 21, W.R.C.P., permits this:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative *at any stage of the action* and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Rule 17.02, W.R.A.P., allows it to be done in this court:

"If substitution of a party in the reviewing court is necessary because of incompetency or for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in Rule 17.01, W.R. A.P."