**Lee BROOKS, Plaintiff,**

v.

**BAKER PACKERS COMPLETION SYSTEMS, A DIVISION OF BAKER OIL TOOLS, INC., et al., Defendants.**

**Civ. A. No. 88–1090–T.**

United States District Court,
D. Kansas.

May 5, 1992.

Tom L. Schwinn, Schwinn & Schwinn, Wellington, Kan., for Lee Brooks and Julie Ann Brooks.

David W. Steed, Silver & Steed, Wichita, Kan., for Baker Packers Completion Systems.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for Rupe Energy, Inc.

Thomas J. Berscheidt, John M. Keeley, Berscheidt & Keeley, Great Bend, Kan., for Kansas Fishing Tool.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiff's motion to amend (Doc. 156). Plaintiff seeks to amend his complaint to delete the names of Julie Ann Brooks–Mays and Lee Brooks, Operator, and to substitute the name of Lee Brooks as sole plaintiff. The defendants have objected to the requested amendment, arguing that it is untimely, frivolous, without real effect, and futile.

A discussion of the procedural history of this case is in order. The original plaintiffs were Lee Brooks (Lee) and his daughter Julie Ann Brooks, now Julie Ann Brooks–Mays (Julie Ann). Lee and Julie Ann were the lessee-operators of an oil and gas lease located in Barber County, Kansas. The plaintiffs' claim involved damages to an oil and gas well alleged to have resulted from defective parts and/or services provided by defendants. Several years prior to the initiation of this litigation, Lee had assigned his working interest to Julie Ann and had retained for himself a 1/32 overriding royalty interest.

In a previous opinion and order (Doc. 137), the court addressed the defendants' motions for summary judgment. Defendants sought dismissal of Lee's claims, arguing that Lee was not the real party in interest. Defendants also argued that Julie Ann's claims were barred by the statute of limitations. For several reasons, the court rejected the real party in interest defense. First, the court concluded that Lee was the real party in interest, since he had retained a 1/32 overriding interest in the oil and gas produced. Second, Lee's transfer to Julie Ann was without consideration. Lee operated the well and invested his own funds and time into the well. Julie Ann's legal title did not diminish the interest Lee had in developing the lease. Third, the court found that the defendants had waived the defense by failing to raise it in a timely manner. In that regard, the court noted that even if defendants' real party in interest defense were meritorious (which it was not), dismissal would not be required. Rather, if the defendants' real party in interest defense were meritorious, it would require that plaintiffs be given the opportunity to reassign the lease to Lee. The court next found that Julie Ann's claims were barred by the statute of limitations. The court later denied plaintiffs' motion for reconsideration. *See* Doc. 146.

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave

shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Specifically, the Supreme Court has held:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.* The determination of whether to grant leave to amend is within the discretion of the district court. The court's decision regarding amendment is subject to reversal only for an abuse of that discretion. *Lease America Corp. v. Eckel,* 710 F.2d 1470, 1473 (10th Cir.1983).

Defendants have objected to Lee's proposed amendment to his complaint, arguing that Lee is attempting to resurrect claims which the court has previously dismissed. Defendants also argue that, by virtue of Lee's 1/32 overriding royalty interest, Lee possesses at most a 1/32 interest in the overall damages (if any) awarded in this case.

The court also has before it a copy of an assignment from Julie Ann to Lee. Julie Ann has assigned all her right, title, and interest in the subject oil and gas lease back to Lee.

■ The plaintiff's proposed amendment to his complaint is unnecessary; however, no prejudice will result from allowing plaintiff to amend his complaint to delete Julie Ann's name and substitute Lee as sole plaintiff. This is a technical amendment which does not change any substantive aspect of the lawsuit.

Perhaps the court's previous orders were not as clear as they could have been. It was apparently not clear from the court's previous orders that Lee could pursue any and all damage claims that form the basis for this suit. Lee was the real party in interest all along. Although Lee had as-

signed his working interest to Julie Ann, he still possessed a right to recover damages, if any are proven. Lee had the right as the real party in interest to pursue any and all damage claims arising out of the allegedly defective parts and/or services. Julie Ann's dismissal makes no difference. She asserted the very same claims and theories of recovery as Lee. The court was doubtful that Julie Ann could be considered the real party in interest anyway, since the transfer of title to her was without consideration. As the court noted in the order denying plaintiff's motion for reconsideration, Lee was in no way· impeded in his ability to obtain complete relief from the dismissal of his daughter as a party to the action. Defendants are in no danger from multiple suits and multiple damage awards growing out of the same claim, which is the underlying purpose of the real party in interest doctrine. Formal amendment of the complaint is not necessary; however, allowing the amendment will cause no prejudice to defendants.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to amend (Doc. 156) is hereby granted.