# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 74

APRIL TERM, A.D. 2021

June 7, 2021

ROBIN MEEKER GASTON, appointed )
Personal Representative for the Estate of )
Robert Meeker, deceased, )
)
Appellant )
(Plaintiff), )
)
v. ) No. S-20-0235
)
LIFE CARE CENTERS OF AMERICA, )
INC., a foreign corporation, d/b/a )
WESTVIEW HEALTH CARE CENTER, )
)
Appellee )
(Defendant). )

*Appeal from the District Court of Sheridan County*
The Honorable John G. Fenn, Judge

*Representing Appellant:*

Larry B. Jones and Colin M. Simpson of Burg, Simpson, Eldredge, Hersh & Jardine, PC, Cody, Wyoming; Diana Rhodes and Traci Rivinus of Rhodes Law Firm, LLC, Cheyenne, Wyoming.

*Representing Appellee:*

Lena K. Moeller and Amy M. Iberlin of Williams, Porter, Day, and Neville, P.C., Casper, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]   Robin Meeker Gaston filed a survival action against Life Care Centers of America, Inc., d/b/a Westview Health Care Center (Westview) for injuries her deceased father, Robert Meeker, suffered while in Westview's care.   She later moved to amend the complaint to add a wrongful death claim.  Westview opposed the motion to amend and filed a motion for summary judgment in the survival action, asserting Ms. Gaston was not the real party in interest because she had not been appointed as the personal representative of the estate by the probate court.  The district court denied Ms. Gaston's motion to amend and dismissed the survival action because she was not the real party in interest.

[¶2]   We affirm the district court's denial of Ms. Gaston's motion to amend.  We reverse the district court's dismissal of Ms. Gaston's survival action and remand for further proceedings consistent with this opinion.


## ISSUES

[¶3]   The dispositive issues in this appeal are:

1.  Does this Court have jurisdiction over Ms. Gaston's appeal of the denial of her motion to amend the complaint?

2.  Did the district court abuse its discretion by denying Ms. Gaston's motion to amend the complaint?

3.  Did the district court abuse its discretion by dismissing Ms. Gaston's survival action because she was not the real party in interest?


## FACTS

[¶4]   Mr. Meeker died on September 6, 2015.  Ms. Gaston, Misty S. Oxborrow, and Dustin D. Meeker (the Meeker children) are his surviving children. *Gaston v. Wagner (In re Est. of Meeker),* 2017 WY 75, ¶ 1, 397 P.3d 183, 185 (Wyo. 2017) (*Gaston I*).  In his will, Mr. Meeker named his long-time companion, Carole L. Wagner, as the personal representative of his estate and devised most of his estate to her. *Id.,* ¶ 4, 397 P.3d at 185. Ms. Wagner filed a probate action and was appointed personal representative. *Id.,* ¶¶ 6-7, 397 P.3d at 185.  The Meeker children contested the validity of Mr. Meeker's will and requested peremptory disqualification of the district judge. *Id.*  The district court denied the motion for disqualification and granted summary judgment in favor of Ms. Wagner. *Id.,* ¶ 7, 397 P.3d at 185.  The Meeker children appealed; we reversed and remanded because the court erred by denying the motion for disqualification. *Id.,* ¶ 2, 397 P.3d at

1

185. The newly assigned judge held a trial on the Meeker children's will contest, and the jury returned a verdict in favor of Ms. Wagner. The Meeker children again appealed to this Court.

[¶5] In the meantime, Ms. Gaston filed a district court action (CV-2017-236), seeking appointment as personal representative of Mr. Meeker's estate, stating appointment was necessary to bring survival and wrongful death actions. *See* Wyo. Stat. Ann. § 1-4-101 (LexisNexis 2019) (survival action); Wyo. Stat. Ann. §§ 1-38-101 through 105 (LexisNexis 2019) (wrongful death action). Ms. Wagner apparently did not contest Ms. Gaston's request for appointment in CV-2017-236, and the district court appointed Ms. Gaston for the stated purpose.

[¶6] Ms. Gaston filed the instant case (CV-2018-16) on January 19, 2018, consisting of a survival cause of action against Westview. Westview answered and pleaded several affirmative defenses, including that Ms. Gaston was not the real party in interest "to the extent [] any right of subrogation exists." The district court set a trial for August 12, 2019.

[¶7] In late May 2019, Ms. Gaston filed a motion for leave to amend the complaint to add a wrongful death claim. Westview opposed the motion, arguing, *inter alia,* the amendment was futile because Wyoming precedent forbids a plaintiff from bringing a survival claim and a wrongful death claim based on the same underlying facts and Ms. Gaston's wrongful death claim was untimely.

[¶8] On May 28, 2019, Ms. Wagner and the Meeker children signed an "Acknowledgment, Release and Waiver" (Acknowledgment). The Acknowledgment started with several recitals recognizing Ms. Wagner had been appointed personal representative of the estate by the probate court; Ms. Gaston had been appointed personal representative of the estate by the district court to bring a survival and/or wrongful death action; and the parties wished to resolve all matters between them related to the will contest and the survival action. The Meeker children then waived their right to pursue the appeal of the will contest in exchange for Ms. Wagner waiving "all rights to any damages . . . and claims to any proceeds of any survivorship or wrongful death legal action related to the alleged injuries suffered by or death of Robert Meeker and any authority she may have [or] claims to have . . . over the survivorship action filed by Personal Representative Robin Meeker Gaston[.]" With regard to the pending actions, the Meeker children agreed Ms. Wagner could continue to act as personal representative of the estate in the probate and Ms. Gaston would resign her position as personal representative of the estate when the survival and/or wrongful death action against Westview concluded.

[¶9] Less than a month later, Westview filed a motion for summary judgment claiming Ms. Gaston was not the real party in interest and did not have standing to bring the survival action on behalf of Mr. Meeker's estate because she had not been appointed as personal representative by the probate court. Ms. Gaston contested Westview's motion for summary

2

judgment, arguing she was properly appointed as personal representative of the estate to pursue the survival action; Ms. Wagner had ratified Ms. Gaston's representation of the estate in the survival action with the Acknowledgment; and Westview's real party in interest objection was untimely.

[¶10]   The district court held a combined hearing on Ms. Gaston's motion to amend the complaint and Westview's summary judgment motion.  The court denied Ms. Gaston's motion to amend but specifically declined to provide the basis for its ruling.  It granted Westview's motion for summary judgment, concluding Ms. Gaston was not the real party in interest.  Instead of dismissing the survival action, the court gave Ms. Gaston 90 days to substitute the real party in interest pursuant to Wyoming Rule of Civil Procedure (W.R.C.P.) 17(a)(3).  Ms. Gaston requested and received two extensions of time to substitute the real party in interest but was ultimately unable to secure appointment as personal representative by the probate court or to convince Ms. Wagner to step in as the real party in interest.

[¶11]   Westview filed a motion to dismiss the survival action due to Ms. Gaston's failure to substitute the real party in interest.  It informed the district court that the probate court had denied Ms. Gaston's motion to be appointed as personal representative of the estate and declined to remove Ms. Wagner from that role.[1]  The district court granted Westview's motion to dismiss, and Ms. Gaston appealed.


**DISCUSSION**

### 1. *Appellate Jurisdiction*

[¶12]   Westview claims we lack jurisdiction to review the district court's denial of Ms. Gaston's motion to amend the complaint because she failed to appeal that order within 30 days of its issuance.  *See* W.R.A.P. 2.01 ("An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days

---

[1] The correctness of the probate court order is not before us, but Westview attached it to its brief and requests we take judicial notice of it.  Westview apparently did not provide the order to the district court or seek to supplement the record in accordance with Wyoming Rule of Appellate Procedure (W.R.A.P.) 3.04.  "The rules of appellate procedure provide a basis for supplementing the official record, and we will not condone a party's failure to utilize the rules by considering documents which are simply attached to a brief."  *Roeschlein v. State,* 2007 WY 156, ¶ 28, 168 P.3d 468, 476 (Wyo. 2007).  To have a court take judicial notice of a document, the proponent must provide written notice to the court and the "judicially noticed documents must be physically included as part of the record filed on appeal, or must be on file at the Supreme Court as the result of a different proceeding."  *Cockreham v. Wyo. Prod. Credit Ass'n,* 743 P.2d 869, 872-73 (Wyo. 1987).  Attaching a document from a separate action (which is not on appeal to this Court) to a brief and asking us to take judicial notice of it does not satisfy either W.R.A.P. 3.04 or the requirements set out in *Cockreham.*

3

from entry of the appealable order[.]"). Westview cites no authority in support of its argument, and Ms. Gaston argues we should disregard it.

[¶13] We generally do not consider issues unsupported by cogent argument or citation to pertinent authority. *Meiners v. Meiners,* 2019 WY 39, ¶ 24, 438 P.3d 1260, 1270 (Wyo. 2019) (citing *Tozzi v. Moffett,* 2018 WY 133, ¶ 26, 430 P.3d 754, 762 (Wyo. 2018)). However, an appellant's failure to timely appeal affects this Court's subject matter jurisdiction. W.R.A.P. 1.03 (the timely filing of a proper notice of appeal is jurisdictional). "[T]he absence of subject matter jurisdiction cannot be waived[.]" *Schmitz v. Dep't of Workforce Servs., Labor Standards,* 2017 WY 143, ¶ 13, 406 P.3d 312, 315 (Wyo. 2017) (citations omitted).

[¶14] To "avoid fragmentary appeals and decisions made in a piecemeal fashion," the Wyoming Rules of Appellate Procedure only allow appeals from "appealable orders." *Painter v. McGill ex rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 15, 450 P.3d 1243, 1247 (Wyo. 2019) (citing *Est. of McLean ex rel. Hall v. Benson,* 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003)). Relevant here, W.R.A.P 1.05(a) defines "appealable order" as one that "determines the action." *Davidson-Eaton v. Iversen,* 2021 WY 49, ¶ 10, 484 P.3d 23, 25 (Wyo. 2021). An appealable order has "three necessary characteristics. . . . It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues." *Jontra Holdings Pty Ltd v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶ 29, 479 P.3d 1222, 1231 (Wyo. 2021) (citations omitted). "Generally[,] a judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it is not appealable unless it does those things." *Woods v. Woods*, 2001 WY 131, ¶ 8, 36 P.3d 1142, 1144 (Wyo. 2001) (citations omitted).

[¶15] Ms. Gaston was not required to immediately appeal the district court's denial of her motion to amend the complaint. An order denying a motion to amend typically is not appealable under W.R.A.P. 1.05(a) if it does not finally decide the action. *See Dewey v. Dewey,* 2001 WY 107, ¶ 10, 33 P.3d 1143, 1146 (Wyo. 2001) (the district court's orders denying the plaintiffs' motions to amend their complaint were not immediately appealable because they did not resolve the action). *See also, Combs v. PriceWaterhouse Coopers LLP,* 382 F.3d 1196, 1204 (10th Cir. 2004) ("[A]n order denying leave to amend is not, in most cases, a final decision, as a final decision is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945))). The district court's denial of Ms. Gaston's motion to amend the complaint accompanied its award of summary judgment to Westview; however, the order did not finally decide the action because it explicitly gave Ms. Gaston time to substitute the real party in interest. When she was unable to do so, the district court dismissed the case, resulting in a final, appealable order.

[¶16] We have subject matter jurisdiction over Ms. Gaston's appeal of the district court's denial of her motion to amend the complaint.

4

**2.**     *Motion to Amend the Complaint*

[¶17]   Ms. Gaston requested leave under W.R.C.P. 15(a)(2) to amend her complaint to add a wrongful death claim.  Westview advanced several arguments against allowing the amendment.  The district court did not articulate its reason(s) for denying Ms. Gaston's motion to amend, so we address Westview's various arguments.

[¶18]   Rule 15(a)(2) states:  "[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given.

*Foxley & Co. v. Ellis,* 2009 WY 16, ¶ 32, 201 P.3d 425, 433 (Wyo. 2009) (quoting *Beaudoin v. Taylor,* 492 P.2d 966, 970 (Wyo. 1972) (other citations and internal quotation marks omitted)).  "We review a district court's decision on a motion for leave to amend a complaint for abuse of discretion." *Gowdy v. Cook,* 2020 WY 3, ¶ 32, 455 P.3d 1201, 1209 (Wyo. 2020) (citing *Foxley,* ¶ 32, 201 P.3d at 433, and *Askvig v. Wells Fargo Bank Wyoming, N.A.*, 2005 WY 138, ¶ 18, 121 P.3d 783, 788 (Wyo. 2005)).  To establish an abuse of discretion, the appellant must show the district court could not have "'reasonably conclude[d] as it did.'" *Tata Chems. Soda Ash Partners, Ltd. v. Vinson,* 2020 WY 126, ¶ 13, 473 P.3d 299, 305 (Wyo. 2020) (quoting *Humphrey v. Humphrey,* 2007 WY 72, ¶ 7, 157 P.3d 451, 453 (Wyo. 2007)).

[¶19] Westview asserts amending the complaint would have been futile because Ms. Gaston cannot maintain both a survival action and a wrongful death action.  Ms. Gaston's original complaint included a single claim under the survival statute, § 1-4-101.  That provision reads:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, injuries to the person, an injury to real or personal estate, or any deceit or fraud also survive. An action may be brought notwithstanding the death of the person entitled or liable to the same, but in

5

> actions for personal injury damages, if the person entitled thereto dies recovery is limited to damages for wrongful death.

*Id.* When a decedent is injured by the wrongful conduct of the defendant but dies of another cause before being compensated for his injuries, the decedent's estate can maintain a survival action. *DeHerrera v. Herrera,* 565 P.2d 479, 482-83 (Wyo. 1977). *See also, Robinson v. Pacificorp,* 10 P.3d 1133, 1140 (Wyo. 2000) (reaffirming *DeHerrera*). The damages recoverable in a survival action include those to which the decedent would have been entitled to had he lived, such as his medical expenses, lost wages, and pain and suffering. *DeHerrera,* 565 P.2d at 481. Because a survival claim belongs to the estate, the proceeds are available to the decedent's creditors. *Id.* at 482.

[¶20] Conversely, "when a person dies as a result of injuries inflicted by another, the cause of action is limited to one for wrongful death." *Robinson,* 10 P.3d at 1140 (citing *DeHerrera,* 565 P.2d at 483). "[T]he wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider." *DeHerrera,* 585 P.2d at 482. Under § 1-38-102(c), wrongful death beneficiaries are entitled to recover "fair and just" "pecuniary and exemplary damages[,]" "including damages for loss of probable future companionship, society and comfort." *See also, Knowles v. Corkill,* 2002 WY 119, ¶¶ 14-18, 51 P.3d 859, 864-65 (wrongful death beneficiaries can recover pecuniary and exemplary damages, including those for loss of the decedent's future companionship, society and comfort, but cannot recover damages for their mental suffering (citing *Coliseum Motor Co. v. Hester,* 43 Wyo. 298, 306, 3 P.2d 105, 106 (Wyo. 1931))). When "the decedent left a husband, wife, child, father or mother, no debt of the decedent may be satisfied out of the proceeds of any judgment obtained in any action for wrongful death or out of the proceeds of any settlement of a wrongful death claim." Section 1-38-102(b).

[¶21] Our prior rulings do not specifically address the situation presented in this case. For the survival count, Ms. Gaston alleges Westview committed various acts of negligence while caring for Mr. Meeker that caused "physical injuries, including but not limited to urinary tract infection, falls, skin tears, . . . [and] over-sedation." The survival count does not assert Mr. Meeker died of the injuries caused by Westview's negligence. For her wrongful death count, Ms. Gaston alleges other negligent actions committed by Westview caused Mr. Meeker to suffer "multiple life-threatening medical conditions that [Westview] failed to recognize and identify," "including sepsis and aspiration pneumonia," leading to his death. Ms. Gaston maintains her amended complaint provides for "two separate sets of negligent actions by [Westview], the first which caused [Mr. Meeker only] injuries . . ., and the second set which ultimately caused [his] death."

[¶22] As a general matter, we agree with Ms. Gaston's reading of the relevant statutes and caselaw. Survival damages are available to the decedent's estate when the defendant committed an act of negligence which resulted in injuries, but not death; wrongful death

6

damages are available to the beneficiaries when the defendant's negligent act caused the decedent's death. Given the differences between the two actions, separate survival and wrongful death claims may be maintained when the same defendant commits multiple negligent acts causing separate injuries to the decedent, some non-fatal and others fatal. Thus, Ms. Gaston's amendment is not futile simply because it added a wrongful death claim against Westview when a survival action was already pending.

[¶23] Westview also argues Ms. Gaston's amendment is futile because her wrongful death claim was untimely. Section 1-38-102(d) states:

> An action for wrongful death shall be commenced within two (2) years after the death of the decedent. If the decedent's death involved medical malpractice this limitation period shall be tolled as provided in W.S. 9-2-1518 upon receipt by the director of the medical review panel of a malpractice claim.

The two-year limitation period found in the wrongful death statute at § 1-38-102(d) "is an integral part of the right created by the statute and does not contain a savings clause"; consequently, it "is a condition precedent, rather than a statute of limitation." *Corkill v. Knowles,* 955 P.2d 438, 442 (Wyo. 1998). As a condition precedent, the time period "cannot be extended by the exceptions usually allowed for general statutes of limitation (*e.g.,* extending the time for appointment of an administrator or minority tolling periods or the discovery rule)." *Id.* at 443.

[¶24] It is uncontroverted that Ms. Gaston did not file her wrongful death claim within two years of Mr. Meeker's death. However, she asserts her claim was timely because the amendment related back to the original survival complaint, which was filed within the two-year period as calculated under § 1-38-102(d). W.R.C.P. 15(c)(1)(B) states: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading[.]"

[¶25] Ms. Gaston argues that, under *Hoffman v. Darnell,* 2011 WY 65, 252 P.3d 936 (Wyo. 2011), Rule 15(c)'s relation-back provision applies to wrongful death claims. In *Hoffman,* the personal representative of the estate filed a wrongful death action against the decedent's physician and the hospital where he was treated. *Id.,* ¶ 3, 252 P.3d at 937-38. Although the personal representative had fulfilled the constitutional and statutory requirements for filing a claim against a governmental entity, *id.,* ¶ 4, 252 P.3d at 938, he did not allege in the complaint he had done so. *Id.,* ¶ 6, 252 P.3d at 938. Once the two-year deadline passed, the defendants asserted the complaint was insufficient to invoke the district court's subject matter jurisdiction. *Id.,* ¶ 6, 252 P.3d at 938. The personal representative requested leave to amend the complaint to allege compliance with the

requirements, but the district court determined it was without subject matter jurisdiction to allow the amendment and dismissed the complaint. *Id.* We ruled that, under Rule 15(c), the amended complaint, which simply confirmed proper compliance with the governmental claim requirements, related back to the date of the original complaint. *Id.,* ¶ 9, 252 P.3d at 939 (citing *Brown v. City of Casper,* 2011 WY 35, ¶ 46, 248 P.3d 1136, 1147 (Wyo. 2011)).

[¶26] This case presents a much different scenario than *Hoffman.* The personal representative in *Hoffman* filed the wrongful death claim within two years of the decedent's death, thereby satisfying the condition precedent of § 1-38-102(d). His only error was failing to plead the fact of his compliance with the governmental claim procedure. Ms. Gaston, by contrast, did not file the wrongful death claim until well after the two-year deadline had passed.

[¶27] As we stated above, the standard exceptions to statute of limitation deadlines are inapplicable to the two-year condition precedent in § 1-38-102(d). Likewise, the relation-back principle of Rule 15(c) typically does not extend the limitations period when compliance with it is a condition precedent to maintenance of a suit. *See, e.g.*, *Northstar Anesthesia of Alabama, LLC v. Noble,* 215 So.3d 1044, 1049-51 (Ala. 2016) (the relation-back doctrine does not apply to extend the time for filing a wrongful death action when timely filing is a condition precedent rather than a statute of limitations); *Thomas v. Grayson,* 456 S.E.2d 377, 379 (S.C. 1995) (unlike with a statute of limitations, when compliance with a filing deadline is a condition precedent, an amendment will not relate back to the original complaint). *See also, Knauer v. Johns-Manville Corp.,* 638 F.Supp. 1369, 1372, 1374-75 (D. Maryland 1986) (Federal Rule of Civil Procedure (F.R.C.P.) 15(c), which, at that time, was similar to W.R.C.P. 15(c)(1)(B), did not allow a wrongful death amendment to relate back to the original personal injury complaint because, in Maryland, compliance with the deadline for filing a wrongful death claim was a condition precedent to maintenance of the suit).[2]

[¶28] Moreover, even if we were to recognize the relation-back doctrine in this situation, Ms. Gaston could not satisfy Rule 15(c)(1)(B) under the unique facts of this case. For the amended complaint to relate back to the original complaint, Ms. Gaston must establish the amended claim (wrongful death) arose out of the conduct, transaction, or occurrence set out in the original complaint (survival). W.R.C.P. 15(c)(1)(B).

[¶29] Ms. Gaston apparently believes the two counts arise out of the same conduct, transaction, or occurrence because they broadly pertain to Mr. Meeker's care while a

---

[2] "'In construing Wyoming rules of procedure, where Wyoming and federal rules of procedure are similar, we have repeatedly looked to federal cases construing the federal rule as persuasive authority.'" *Gas Sensing Tech. Corp. v. New Horizon Ventures Pty Ltd,* 2020 WY 114, ¶ 32 n.4, 471 P.3d 294, 301 n.4 (Wyo. 2020) (quoting *Pena v. State,* 2013 WY 4, ¶ 48, 294 P.3d 13, 22 (Wyo. 2013) (other citation omitted)).

resident at Westview. However, the very argument that would allow Ms. Gaston to maintain both survival and wrongful death causes of action defeats her argument that the wrongful death claim should relate back. If, as she alleges, Westview committed separate acts of negligence to support each cause of action, they would not arise out of the same conduct, transaction, or occurrence.

> [T]he standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test. Although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the original pleading has performed that function . . . will the amendment be allowed to relate back[.]

6A Fed. Prac. & Proc. Civ. § 1497 (3d. ed. 2021) (footnotes omitted). *See also, Seth v. Spruenken,* 328 A.2d 143, 145 (Del. Super. Ct. 1974) ("The test is not contemporaneity but rather adequacy of notice.").

[¶30] Westview may have initially anticipated a wrongful death claim; however, Ms. Gaston's original complaint advanced a survival cause of action. Westview undertook discovery to ascertain the factual basis for the survival action, including Mr. Meeker's damages for his personal injuries, loss of dignity, loss of enjoyment of life, and mental and emotional distress. By adding a wrongful death claim, Westview would be required to investigate the separate act or acts of negligence which led to Mr. Meeker's death and determine the damages suffered by his beneficiaries as a result. *See Knowles,* ¶¶ 14-18, 51 P.3d at 864-65, and *Coliseum Motor Co.,* 3 P.2d at 107-13 (distinguishing between survival and wrongful death damages). As this case developed, Westview was not put on notice by Ms. Gaston's original complaint that a wrongful death claim was forthcoming. The district court did not abuse its discretion by denying Ms. Gaston's motion to amend the complaint.

### 3. *Real Party in Interest*

[¶31] Ms. Gaston argues the district court erred by concluding she was not the real party in interest. She claims Westview waived its real party in interest argument by failing to raise it in a timely fashion.

[¶32] Ms. Gaston presented her waiver/untimeliness argument to the district court, but the court did not address it in its summary judgment decision. Nevertheless, by granting Westview's motion for summary judgment and dismissing the action, the court necessarily rejected Ms. Gaston's argument. We review the district court's implied determination that Westview did not waive its objection to Ms. Gaston as the real party in interest for an abuse of discretion. *See Miss. Dep't of Transp. v. Signal Int'l, LLC,* 579 F.3d 478, 487 (5th Cir. 2009) ("We review for abuse of discretion the district court's ruling that Signal's challenge

9

[to the Department as the real party in interest] was untimely and that the defense was thus waived."); *Hefley v. Jones,* 687 F.2d 1383, 1388 (10th Cir. 1982) (the trial court did not abuse its discretion by refusing to allow the defendant to raise an untimely real party in interest defense); *Bethel Fam. Clinic v. Bethel Wellness Assocs.*, 160 P.3d 142, 144 (Alaska 2007) (the trial court had discretion to determine whether a waiver of the real party in interest objection occurred) (citations and quotation marks omitted). *See also,* 6A Fed. Prac. & Proc. Civ. § 1554 (3d. ed. 2021) ("the court may conclude [the objection to the plaintiff as the real party in interest] has been waived by the delay and exercise its discretion to deny the motion on the ground of potential prejudice or estoppel" (footnotes and citations omitted)). Once again, "[i]n determining whether there has been an abuse of discretion, the ultimate issue is whether the court could 'reasonably conclude as it did.'" *Vinson*, ¶ 13, 473 P.3d at 305 (quoting *Humphrey*, ¶ 7, 157 P.3d at 453). *See also, Kidd v. Jacobson,* 2020 WY 64, ¶ 13, 463 P.3d 795, 798 (Wyo. 2020) (A court abuses its discretion when it "acts in a manner which exceeds the bounds of reason under the circumstances." (citations omitted)).

[¶33] W.R.C.P. 17(a) governs real party in interest issues:

> (a) *Real Party in Interest*.
>
> (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
> > (A) an executor;
> > (B) an administrator;
> > (C) a guardian;
> > (D) a bailee;
> > (E) a trustee of an express trust;
> > (F) a party with whom or in whose name a contract has been made for another's benefit; and
> > (G) a party authorized by statute.
> . . .
>
> (3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

10

[¶34] Rule 17(a) does not specify how or when a defendant may object to a plaintiff as the real party in interest. *See* 6A Fed. Prac. & Proc. Civ. § 1554 (F.R.C.P. 17(a), which is identical to W.R.C.P. 17(a), does not "contain a specific procedure for raising an objection that plaintiff is not the real party in interest. Nor do[es] [it] indicate when the challenge should be made."). However, "a real party in interest defense or objection is waived if it is not timely raised[.]" *Trefren Constr. Co. v. V&R Constr., LLC,* 2016 WY 121, ¶ 33, 386 P.3d 317, 325 (Wyo. 2016) (citing *Shepard v. Beck,* 2007 WY 53, ¶ 10, 154 P.3d 982, 986 (Wyo. 2007), and *Action Bailbonds v. State,* 2002 WY 103, ¶ 8, 49 P.3d 992, 994 (Wyo. 2002) (other citations omitted)).

[¶35] Rule 17(a)

> requires the defendant to object in time to allow the opportunity for joinder of the ostensible real party in interest, and the defense may be waived if the defendant does not timely object. The defendant timely objects so long as joinder of the real party in interest remains practical and convenient. Objection is typically practical in the early stages of litigation—disputes regarding the real party in interest are likely to be evident to a defendant at the onset of suit, because [it] almost always knows whether [it] has been sued by the party who "owns" the claim. The earlier the defense is raised, the more likely that the high cost of trial preparation for both parties can be avoided if a real party in interest question is determined adversely to a plaintiff. Tardy objection is inconvenient when it hinders the goal of judicial efficiency or manifests the defendant's intention to lay behind the log in ambush.

*Signal,* 579 F.3d at 487-88 (citations and some quotation marks omitted). *See also, Chicago & Nw. Transp. Co. v. Negus-Sweenie, Inc.,* 549 F.2d 47, 50 (8th Cir. 1977) ("[A] real party in interest objection should be raised with reasonable promptness in the trial court proceedings" to allow the parties and court the opportunity to cure the problem. "If not raised in a timely or seasonable fashion, the general rule is that the objection is deemed waived." (citations and internal quotation marks omitted)).

[¶36] Westview makes two arguments that its objection to Ms. Gaston as the real party in interest was timely under Rule 17(a). First, it claims it raised the issue as an affirmative defense by stating in its answer: "Plaintiff is not the real party in interest to the extent [] any right of subrogation exists." While a real party in interest objection may be presented as an affirmative defense, *see Action Bailbonds,* ¶ 8, 49 P.3d at 994, Westview's defense was not sufficient to raise the real party in interest issue. It did not question Ms. Gaston's

11

authority to bring the survival action on behalf of Mr. Meeker's estate, and there is no issue regarding a right of subrogation.

[¶37]   Second, Westview argues its real party in interest objection was timely because it was included in its motion for summary judgment, which was filed in accordance with the district court's scheduling order.  As the authorities cited above make clear, there is no set time when a defendant must contest the plaintiff's position as the real party in interest.  It may be appropriate, in a given case, for a party to raise a challenge to the real party in interest on summary judgment.  *See, e.g., Haxtun Tel. Co. v. AT&T Corp.,* 57 F.App'x 355 (10th Cir. 2003); *RMP Consulting Grp., Inc. v. Datronic Rental Corp.,* No. 98-5062, 1999 WL 617690 (10th Cir. 1999) (unpublished opinion); *King Airway Co. v. Pub. Tr. of Routt County, Colo.,* No. 95-1315, 1997 WL 186256 (10th Cir. 1997) (unpublished opinion).  However, an objection to the plaintiff as the real party in interest is not necessarily timely when raised in summary judgment proceedings.  *See, e.g.*, *Hefley,* 687 F.2d at 1388; *Brooks v. Baker Packers Completion Sys.,* 791 F.Supp. 834, 835 (D. Kan. 1992); *Hess v. Allen,* No. 88-2272-0, 1991 WL 33144 (D. Kan. 1991) (unpublished opinion).  The timeliness of a real party in interest objection depends upon the entire course of proceedings and how it relates to the plaintiff's ability to cure the problem.

[¶38]   We conclude Westview waived its objection to Ms. Gaston as the real party in interest by failing to raise it in a timely fashion.  Ms. Gaston filed her survival action on January 19, 2018.  She attached to her complaint the order from CV-2017-236 showing she had been appointed by the district court as personal representative of Mr. Meeker's estate for the purposes of bringing a survival and/or wrongful death action.  Because the survival action belonged to the estate, the basis for Westview to object to Ms. Gaston as the real party in interest because she had not been appointed as personal representative by the probate court was apparent when the action was commenced.  Yet, Westview waited nearly a year and a half to raise its objection in its motion for summary judgment on June 24, 2019.  By the time Westview filed its summary judgment motion, the parties had engaged in extensive discovery and submitted their pretrial memoranda, and trial was scheduled to begin in less than two months.

[¶39]   In accordance with W.R.C.P. 17(a)(3), the district court gave Ms. Gaston the opportunity to substitute Ms. Wagner as the real party in interest, secure her ratification of the action, or obtain appointment by the probate court as personal representative of the estate to bring the survival action.  *See Signal,* 579 F.3d at 487 (the defendant must object to the plaintiff as the real party in interest in time for the real party to join, ratify, or be substituted into the action); *Trefren Constr.,* ¶ 31, 386 P.3d at 325 (Rule 17(a) does not require "dismissal when an action is not prosecuted in the name of the real party in interest, but it expressly requires the opposite—that the court allow a reasonable time to cure the defect through ratification, joinder or substitution.").  However, Westview's delay in bringing its real party in interest objection hampered Ms. Gaston's efforts to comply with the district court's Rule 17(a)(3) order.

12

[¶40] The Meeker children and Ms. Wagner entered into the Acknowledgement less than a month before Westview filed its objection. In that agreement, the Meeker children waived their right to pursue an appeal in the will contest in exchange for Ms. Wagner's disclaimer of "any authority she may have[] or claims to have . . . over the survivorship action filed by" Ms. Gaston. Despite this agreement, Ms. Wagner, at the behest of Westview, executed an affidavit stating she had no intention of suing Westview or participating in the litigation against it.[3] Ms. Wagner also objected to Ms. Gaston's request to be appointed as personal representative by the probate court. The timing of the events secured the Meeker children's dismissal of their will contest against Ms. Wagner, while placing them in the position of potentially having no survival claim against Westview.

[¶41] In addition, Westview allowed the two-year condition precedent for filing a wrongful death action to elapse before it filed its objection to Ms. Gaston as the real party in interest in the survival action. Westview's success on the real party in interest issue would, therefore, foreclose any action against it. Under the unique facts of this case, there is no question Ms. Gaston was prejudiced in her efforts to comply with the district court's Rule 17(a)(3) order by Westview's late filing of its real party in interest objection.

[¶42] The D.C. Circuit encountered a similar situation in *Whelan v. Abell,* 953 F.2d 663 (D.C. Cir. 1992). The Whelans, who were major investors in a bankrupt corporation, sued Abell and other investors (collectively Abell) on various common law tort claims, seeking, *inter alia,* the lost value of their investments in the corporation. *Id.* at 666-67, 671. On the first day of trial, Abell claimed the corporation was the real party in interest on some of the claims, and the district court agreed. *Id.* at 671. The D.C. Circuit determined the district court abused its discretion by granting Abell's real party in interest objection because it was not timely. *Id.* at 671-73. It explained:

> In this case, Rule 17(a) "ratification" was impossible because Abell . . . did not raise the real-party-in-interest issue until the trial was underway. The prejudice here is particularly acute because the Corporation, the alleged real party in interest, was in the hands of a bankruptcy trustee. The considerable lapse of time (not to mention the numerous adverse rulings the district court had made before the trial had even begun) may have hampered the Whelans' ability to induce the trustee to join the action. The trustee might have been more willing to risk litigation at the beginning of the bankruptcy proceedings, when unrelated claims were certain to prevent the winding down of

---

[3] Ms. Gaston also argues the district court erred by concluding Ms. Wagner did not ratify the action against Westview by executing the Acknowledgement. We need not address this issue because Westview's objection to her as the real party in interest was untimely.

13

the estate, than two years into the bankruptcy, when the trustee's task might have been nearing completion. The possibility of the Whelans buying the Corporation's claim from the trustee, moreover, may well have evaporated over the two years during which discovery in this case was conducted. We therefore reverse the [district court's real party in interest] decision[.]

*Id.* at 672-73 (footnote omitted). Although Westview did not wait until trial to raise its real party in interest objection like Abell did, the lapse of time and changes in circumstances put Ms. Gaston at a similar disadvantage to the Whelans.

[¶43] Furthermore, dismissal of Ms. Gaston's action against Westview would not serve the purpose of Rule 17(a)'s real party in interest requirement. The reason for requiring the real party in interest to prosecute an action is to protect the defendant from being repeatedly harassed for the same cause. *Vargas Ltd. P'ship v. Four H Ranches Architectural Control Comm.,* 2009 WY 26, ¶ 16, 202 P.3d 1045, 1052 (Wyo. 2009) (citing *Larsen v. Sjogren,* 67 Wyo. 447, 470-71, 226 P.2d 177, 184-85 (1951)). However, that reason ends (1) when a judgment for or against the named plaintiff will protect the defendant from further action by third-parties upon the same claim, and (2) when as against the plaintiff the defendant may assert all defenses and counterclaims available to it. *Id.*

The purpose of this requirement "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right."

*Signal,* 579 F.3d at 487 (quoting *Farrell Constr. Co. v. Jefferson Parish, La.,* 896 F.2d 136, 142 (5th Cir. 1990)). *See also, Gogolin & Stelter v. Karn's Auto Imps., Inc.,* 886 F.2d 100, 102 (5th Cir. 1989) ("The purpose of the rule is to prevent multiple or conflicting lawsuits by persons such as assignees, executors, or third-party beneficiaries, who would not be bound by res judicata principles.").

[¶44] The Acknowledgement and Ms. Wagner's affidavit stating she has no intention to pursue an action against Westview ensure Westview will not be subject to additional liability for its care of Mr. Meeker after Ms. Gaston's lawsuit against it is resolved. Furthermore, any defense Westview would have had against Mr. Meeker should be available regardless of who is the named plaintiff because a survival action simply allows the continuation of a claim the deceased would have had against the defendant. *See Diaz v. Westphal,* 941 S.W.2d 96, 98 (Tex. 1997) (a statutory survival action "'is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death, and is subject to the same defenses to which the decedent's action would have been

14

subject'" (quoting *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992))). Allowing Ms. Gaston's suit to go forth will not expose Westview to any additional threat of liability.

[¶45] Westview also asserts its objection to Ms. Gaston as the real party in interest is timely because it involves her standing to bring the suit and standing is a jurisdictional matter which may be raised at any time. In *TC v. Dep't of Fam. Servs. (In re Adoption of L-MHB),* 2018 WY 140, ¶¶ 17-24, 431 P.3d 560, 566-68 (Wyo. 2018), we clarified that standing is an important jurisprudential rule, but it is not typically jurisdictional. Nevertheless, Westview is correct that, unlike real party in interest challenges, a standing objection can be raised at any time. *See id. See also, Bird v. Lampert,* 2019 WY 56, ¶ 7, 441 P.3d 850, 854 (Wyo. 2019) ("Lack of standing may be raised at any time, including by the court *sua sponte*.").

[¶46] Westview conflates standing and real party in interest principles. "Standing and real party in interest are two distinct concepts[.]" *Mitchell Food Prods., Inc. v. United States*, 43 F.App'x 369, *1 (Fed. Cir. 2002) (unpublished). To have standing, the plaintiff must suffer an injury "fairly traceable to the actions of the defendant that is redressable by the court[.]" *Id. See also, ORO Mgmt., LLC v. R.C. Min. & Rock, LLC,* 2013 WY 77, ¶ 12 n.3, 304 P.3d 925, 927 n.3 (Wyo. 2013) ("In order to establish standing, a plaintiff must demonstrate (1) a concrete and particularized injury, (2) caused by the conduct complained of, and (3) that the injury will be redressed by a favorable decision.") (citations and internal quotation marks omitted). A real party in interest, on the other hand, is "the person who possesses the right to be enforced." *Mitchell Food Prods.,* 43 F.App'x 369, at *1. *See also, Central Contractors Co. v. Paradise Valley Util. Co.,* 634 P.2d 346, 349 (Wyo. 1981) (the real party in interest is the one who possesses the substantive right to relief) (citations omitted); *Fed. Deposit Ins. Corp. v. Bachman,* 894 F.2d 1233, 1235-36 (10th Cir. 1990) (whether the FDIC rather than the limited partnership could sue limited partners for amounts owed to limited partnership was not a question of standing, but rather a real party in interest issue that could be waived); *Ex Parte Simpson,* 36 So.3d 15, 25 (Ala. 2009) ("Although the standing requirement serves to ensure that the party making a claim has, in fact, suffered an injury to a legally protected right, the real party in interest principle is a means to identify the person who possesses the right sought to be enforced." (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1542, at 327 (1990) (other citations, quotation marks, and emphasis omitted)). While Westview uses the term "standing" to invoke the rule that the issue can be raised at any time, its argument is based solely on the real party in interest requirement of W.R.C.P. 17(a), which we have found it waived.

[¶47] The district court abused its discretion by allowing Westview to advance an untimely real party in interest objection.

## CONCLUSION

[¶48] The district court properly denied Ms. Gaston's motion for leave to amend the complaint to add a wrongful death claim. Amendment of the complaint would have been futile because the wrongful death claim was barred by the two-year condition precedent. The district court erroneously dismissed Ms. Gaston's survival action on the grounds she was not the real party in interest because Westview's objection was untimely.

[¶49] Affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.